IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
FRIAT TEKLU                          *
1003 North Broadway                  *
Baltimore, MD 21205                  *
                                     *
TEKLU FOLLE ODA                      *
4631 Warrant Tree Way                *
Baltimore, MD 21229                  *
                                     *
        Plaintiffs,                  *
                                     *
        v.                           *    Case No.   1:22-cv-3721
                                     *
U STREET PARKING, INC.               *
1208 9th STREET NW                   *
Washington, D.C. 20001               *
                                     *
        SERVE HENOK TESFAYE          *
        1208 9th STREET NW           *
        Washington, D.C. 20001       *
                                     *
HENOK TESFAYE                        *
1208 9th STREET NW                   *
Washington, D.C. 20001               *
                                     *
        Defendants.                  *
*************************************************************************
```

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Friat Teklu and Teklu Folle Oda ("Plaintiffs"), by and through undersigned counsel, individually and on behalf of all other similarly situated individuals, hereby file this Collective Action Complaint against Defendants U Street Parking, Inc. ("U Street Parking") and Henok Tesfaye ("Tesfaye") (together, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the District of Columbia Wage Payment and Collection Law, D.C. Code §§ 32-301 et seq. ("DCWPCL"), the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.* ("MWHL"), and

the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.* ("MWPCL"), as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff, Friat Teklu, is an adult resident of the State of Maryland. By participating as the named Plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA, the DCWPCL, the MWHL, and the MWPCL.

2. Plaintiff, Teklu Folle Oda, is an adult resident of the State of Maryland. By participating as the named Plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA, the DCWPCL, the MWHL, and the MWPCL.

3. Defendant U Street Parking is a corporation formed under the laws of the District of Columbia, whose headquarters is located in the District of Columbia, and does business within the District of Columbia the State of Maryland, and the Common Wealth of Virginia.

4. Defendant Henok Tesfaye is an adult resident of Virginia. Mr. Tesfaye is the founder and owner of U Street Parking, LLC. At all relevant times, he has acted as the President and CEO of U Street Parking, LLC.

5. Defendants employed Plaintiffs and the putative collective as parking attendants performing valet services in the District of Columbia, the State of Maryland and the Common Wealth of Virginia.

6. On information and belief, at all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

7. Pursuant to the foregoing, at all times, Defendants were Plaintiffs' "employers" for

purposes of the FLSA, DWPCL, the MWHL, and MWPCL.

8. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

9. Defendants, as employers located within the District of Columbia are subject to the DCMWA.

## FACTS CONCERNING NAMED PLAINTIFFS

10. Plaintiff, Friat Teklu, began working for Defendants in approximately March 2019, as a parking attendant, primarily performing valet services, and is currently employed by Defendants in this role. Friat Teklu performed the majority of his service in the State of Maryland.

11. Throughout Friat Teklu's employment, he regularly worked frequently worked more than forty hours per week, often working more than 60 hours per week.

12. Throughout Friat Teklu's employment, Defendants paid him at an hourly rate of $12.50.

13. Plaintiff, Teklu Folle Oda, began working for Defendants in approximately September 2017, as a parking attendant, primarily performing valet services, and is currently employed by Defendants in this role. Telklu Folle Oda performed the majority of his service in the State of Maryland.

14. Throughout Teklu Folle Oda's employment, he regularly worked frequently worked more than forty hours per week, often working more than 60 hours per week.

15. Defendants pay Teklu Folle Oda per hour. Teklu Follo Oda's current hourly rate is $11.75, below the Maryland Minimum Wage.

3

## PROPOSED COLLECTIVE

16. <u>The Proposed Collective</u>: all hourly employees of Defendants that worked as parking attendants, valets, or similar parking related jobs (hereinafter referred to as Parking Attendants") during the last three years.

17. Defendants have employed roughly 75 Parking Attendants during the relevant period.

18. All putative members are readily identifiable from information and records in the possession and control of the Defendants.

19. The number of hours worked and the rate of each of those hours is set forth in the paystubs of each Plaintiff and similarly situated hourly employee.

## FACTUAL ALLEGATIONS COMMON TO CLASS AND COLLECTIVE

20. Defendants pay Plaintiffs and similarly situated Parking Attendants hourly, near or below the applicable minimum wage.

21. In an effort to hide the number of hours Plaintiffs and similarly situated Parking Attendants worked each week, Defendants issued bi-monthly pay checks to Plaintiffs that showed the first forty (40) hours they worked each week under the heading "regular." Defendants paid Plaintiffs and similarly situated Parking Attendants for their overtime hours at their regular rate under the heading "KFY."

22. At all times throughout their employment, Defendants failed to pay Plaintiffs and similarly situated Parking Attendants one-and-one-half times (1.5x) their regular rate for the hours they worked over forty (40) each week as required by the FLSA, the DCMWA, and the MWHL.

23. Throughout Plaintiffs' employment, Defendants U Street Parking, Inc. and Tesfaye each:

    a. Had the power to hire, fire, suspend, or otherwise discipline Plaintiffs and similarly situated Parking Attendants;

    b. Had the power to supervise Plaintiffs' and similarly situated Parking Attendants' work duties to ensure that his work was of sufficient quality;

    c. Set and controlled Plaintiffs' and similarly situated Parking Attendants' work schedule or had the power to set and control Plaintiff's work schedule;

    d. Controlled Plaintiffs' and similarly situated Parking Attendants' employment records;

    e. Set and determined or had the power to set and determine Plaintiffs' and similarly situated Parking Attendants' rate and method of pay; and

    f. Controlled, and was in charge of, day-to-day operations.

24. Plaintiffs' primary work duties did not qualify for exemption under the FLSA, the DCMWA, the MWHL or the MWPCL.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiffs bring their claims as a collective action pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1308, on behalf of themselves and all similarly situated employees.

26. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs.

27. Plaintiffs request each be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1308.

5

28. Pursuant to 29 U.S.C. § 216(b), by acting as the named plaintiffs in this action, each named Plaintiff affirmatively consents in writing to be a plaintiff and to recover unpaid wages and damages sought in this action.

## CAUSES OF ACTION

### COUNT I
### Violation of the Federal Fair Labor Standards Act
### (Overtime)

29. Plaintiffs re-allege and re-assert each and every allegation set forth above as though each was set forth below.

30. The FLSA mandates that employers must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employees' regular rates of pay for all hours worked each week in excess of forty (40) ("overtime hours").

31. At all times, Plaintiffs and similarly situated Parking Attendants were "employees" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiffs' "employers" under § 207(a)(2) of the FLSA.

32. Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs and similarly situated Parking Attendants at the overtime rate of one-and-one-half times (1.5x) their regular rate for all overtime hours worked.

33. As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs to work many overtime hours each week of their employment.

34. As set forth above, Defendants failed and refused to pay Plaintiffs and similarly situated Parking Attendants one-and-one-half times (1.5x) their regular rate for all overtime hours worked.

35. Defendants' failure and refusal to pay Plaintiffs as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of the D.C. Wage Payment and Wage Collection Law
### (Unpaid Wages)

36. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

37. Plaintiffs and similarly situated Parking Attendants were "employees" and Defendants were Plaintiffs' "employers" within the meaning of the DCWPCL.

38. Under the DCWPCL, Defendants were obligated to pay Plaintiffs all wages earned and owed for work that Plaintiffs performed.

39. "Wages" pursuant to DCWPCL (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

40. Plaintiffs performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiffs all wages earned and required by law.

41. Defendants failed to pay Plaintiffs overtime wages or the minimum wage.

42. Defendants owe Plaintiffs wages for work duties performed as set forth above.

43. Defendants' failure to pay Plaintiffs wages, as set forth above, constitutes a violation of Plaintiffs' right to receive wages as guaranteed by the DCWPCL.

WHEREFORE, Defendants are liable to Plaintiffs under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (treble damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of the Maryland Wage and Hour Law
### (Minimum Wage and Overtime)

44. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each was set forth herein.

45. Plaintiffs were "employees" and Defendants were "employers" within the meaning of the MWHL. As Plaintiffs' "employers," Defendants were obligated to pay Plaintiffs overtime compensation under § 3-415 and § 3-420 of the MWHL. Defendants were required to compensate Plaintiffs at the rate of one-and-one-half times (1.5x) their regular hourly rate ("overtime rate") for all hours worked per week in excess of forty (40) ("overtime hours").

46. As set forth above, Defendants paid Plaintiffs and similarly situated Parking Attendants an hourly rate for all of the hours they worked, regardless of the number of hours he worked each week.

47. As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs and similarly situated Parking Attendants to work many overtime hours during each week of their employment.

48. Furthermore, Defendants paid Teklu Folle Oda at and hourly rate below the Maryland Minimum Wage. Defendants currently pay him $11.75 per hour.

8

49. As discussed *supra*, Defendants had actual or constructive knowledge of all hours Plaintiffs worked, including overtime hours. Nevertheless, Defendants willingly and knowingly paid Plaintiffs a single hourly rate for all of the hours they worked, failed to compensate Plaintiffs at the overtime rate for the hours worked over forty (40) each week, and failed to pay Teklu Folle Oda the Maryland Minimum Wage, as required under the MWHL.

WHEREFORE, Defendants are liable to Plaintiffs under Count III for all unpaid wages in such amounts as will be proven at trial, plus an equal amount as liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT IV
### Violation of the Maryland Wage Payment and Collection Law
### (Unpaid Wages)

50. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each was set forth herein.

51. Plaintiffs were Defendants' "employee" pursuant to § 3-501 and § 3-502 of the MWPCL.

52. Defendants were Plaintiffs' "employers" pursuant to § 3-501 and § 3-502 of the MWPCL.

53. As Plaintiffs' "employers," Defendants were obligated to pay Plaintiffs all wages due for the work performed, including minimum wages and overtime wages.

54. As detailed above, Defendants failed to pay Plaintiffs at the legally required rate of one-and-one-half times (1.5x) their regular rate for the hours worked over forty (40) each week and failed to pay Teklu Folle Oda the Maryland Minimum Wage.

55.    Defendants' failure and refusal to pay all wages due to Plaintiffs was not the result of any *bona fide* dispute.

WHEREFORE, Defendants are liable to Plaintiffs under Count IV for three times (3x) the amount of all unpaid wages that Defendants failed to pay Plaintiffs, for attorney's fees, costs, and expenses of this action incurred as a result of Defendants' failure to pay Plaintiffs what was legally owed to them, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems proper.

Respectfully submitted,

_____
Michael K. Amster, Bar No. 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240-839-9142
mamster@zagfirm.com
